Harper J.
delivered the opinion of the Court.
We are of opinion, that the tender made by the defendant was not sufficient, and that the jury ought to have allowed interest, from the time of the supposed tender. The rule, certainly, is as laid down in Eastland v. Longshorn, 1 N. &. M. 194, that a tender must be unconditional; and I do not suppose that it would be regarded as annexing a condition, that the party tendering, should demand a receipt for the money he offers to pay. This is a reasonable demand, with which every one, who means to deal fairly, ought to comply. The case cited in support of the verdict, which comes nearest to the present, is that of Cole v. Blake, Peake’s N. P. C. 179. In that case the witness stated, that he demanded a receipt in full, and would not have paid unless it had been given. But it did not appear, that he communicated that determination to the other party. Lord Kenyon says the dispute was not about the receipt, but the amount due. In this case the dispute was about the receipt in full; the party offered, which did not appear in the case referred to, to give a receipt on account, though, to be sure, there was a dispute also, as there always is in such case, respecting the amount due. Lord Kenyon means to say, that it did not appear, that the demanding of the receipt prevented the party from accepting the money, but his dissatisfaction with the amount offered. In this case the party would have accepted the money, if the receipt in full had not been demanded.
It is argued that a party who offers to pay all that is really due, is intitled to a receipt in full, and if the creditor refuses to give it, it ought to be at his own risk. I do riot think this the fair or reasonable view of the subject. If there be ground of doubt as to the amount really due, the creditor has a right to try the question. It is imposing a hardship on him to say he must either accept what is offered and give up his claim to more; or refuse the money and lose the use of it, interest, and costs, if he should prove to be wrong. If he receives the money, he litigates at his own risk, with respect to costs, and I do not see that he ought to be subjected to greater risk than this. No harm is done to the debtor in such case. If he tenders all that is really due, a receipt on account will discharge. If his right be the clearest possible, he suffers not the slightest hardship or prejudice. A *276 contrary rule would enable debtors, to coerce in some degree their creditors to abandon doubtful claims.
The cases in which it has been held, that a party tendering the amount due, is intitled to have a bill or bond given up, which it is said is equivalent to having a receipt in full, turned on a different consideration. In those cases the bills or notes had been lost or mislaid, and there was danger that the parties might be made liable for them, in the hands of third persons. The party tendering is intitled to be secured against the slightest risk of this sort. There is no case, so far as I know, in which there was a dispute as to the amount due according to the terms of the instrument. In such case I should think it enough, if the credit- or should offer to give a receipt or a credit on the instrument. According to our well settled practice, a creditor is intitled to interest on liquidated demands of this sort, and a jury is bound to give it. I see nothing which authorized them to use a discretion in this case. The motion for a new trial is therefore granted*
Motion granted.